# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KEITH R. STECHOW,** ) | **CASE NO. 1:07CV2159** |
| ) | |
| **Plaintiff,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **JULIEN MARX, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the original Complaint of Plaintiff, Keith R. Stechow, filed on July 19, 2007. Determining, *sua sponte*, that subject matter jurisdiction does not exist, the above-captioned action is dismissed without prejudice.

## I. FACTUAL BACKGROUND

Plaintiff Stechow filed his Complaint against three individuals and a limited liability company, alleging Unfair Competition; Civil Conspiracy; Deprivation of Rights under 42 U.S.C. § 1983; Abuse of Process; and Wrongful Attachment, all stemming from approximately six years of business dealings in the medical laser field. The Complaint recites subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 (federal question) and

28 U.S.C. § 1332 (diversity).

## II. LAW AND ANALYSIS

**Standard of Review**

Although, the Sixth Circuit Court of Appeals has disapproved of a district court *sua sponte* dismissing an action prior to completion of service on the defendants and before allowing plaintiff an opportunity to amend his pleadings, *Tingler v. Marshall*, 716 F. 2d 1109, 111-12 (6th Cir. 1983), "where a district court properly concludes it is without subject matter jurisdiction, a sua sponte dismissal is not violative of Tingler." *Keeran v. Office of Personnel Management*, 827 F. 2d 770, 1987 WL 44548 at *1 (6th Cir. 1987).

Federal District Courts are courts of limited jurisdiction. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (*citing Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. April 4, 2006), slip copy; *Richmond v. International Business Machines Corporation*, 919 F. Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry* v. U.S. Bulk Transport, Inc., 462 F.3d 536, 540 (6th Cir. 2006), *citing Owens v. Brock*, 860 F. 2d 1363, 1367 (6th Cir. 1988). The burden rests upon the Plaintiff to establish affirmatively that this Court possesses subject matter jurisdiction over the case or controversy. *See e.g., Thomson v. Gaiskill*, 315 U.S. 442

(1942).

**Diversity Jurisdiction**

"Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no plaintiff and no defendant are citizens of the same state."  28 U.S.C. § 1332; *Curry,* 462 F. 3d at 540; *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F. 3d 904, 907 (6th Cir. 1999).    On the face of Stechow's Complaint, it is obvious the parties are not diverse.  Plaintiff Stechow is a citizen of Ohio.  Defendant Gregory T. Absten is listed with a Grove City, Ohio address, and is identified as an Ohio citizen.

**Federal Question Jurisdiction**

District courts have original jurisdiction over "actions *arising under* the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (emphasis added).  Original federal question jurisdiction exists "only [in] those cases in which a well-pleaded Complaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law."  *Eastman v. Marine Mechanical Corp.*, 438 F. 3d 544, 550; *Thornton v. Southwest Detroit Hosp.*, 895 F. 2d 1131, 1133 (6th Cir. 1990) (*quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).  "[The well-pleaded complaint] rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Eastman*, 438 F. 3d at 550; *Loftis v. United Parcel Serv., Inc.*, 342 F. 3d 509, 514 (6th Cir. 2003) (*quoting Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

**42 U.S.C. § 1983**

Plaintiff Stechow's Complaint purports to allege a deprivation of rights under 42 U.S. C. § 1983. To set forth such a claim, a plaintiff must show he has been deprived of rights secured by the Constitution or laws of the United States, and must demonstrate the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Crabtree*, 2006 WL 897210 at *2; *Harbin-Bey v. Rutter*, 420 F. 3d 571, 575 (6th Cir. 2005); *O'Brien v. City of Grand Rapids*, 23 F. 3d 990 (6th Cir. 1994). Stechow merely alleges his "constitutional right to property and to earn a living." He does not refer to any section of the United States Constitution nor to any other federal law. Such generalized, conclusory statements are insufficient under § 1983. *O'Hara v. Wigginton*, 24 F. 3d 823, 826 (6th Cir. 1994) (*citing Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F. 2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945(1987).

Furthermore, Stechow has failed to identify either the individual defendants or the defendant limited liability company as state actors. A § 1983 defendant's conduct must be fairly attributable to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 822, 837 (1987); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Stechow alleges Defendants used a legal process – a "purported writ of replevin" – to seize his assets, to attempt to prevent him from working, and to pressure him to compel others to settle civil litigation. (Complaint at Paragraphs 69 and 70). To be "fairly attributable" to the state, plaintiff must show the state is "intimately involved in the challenged private conduct." There is no constitutional right to be free from harm inflicted by private actors. *Gazette v. City of Pontiac*, 41 F. 3d 1061, 1063 (6th Cir. 1994). The Due Process Clause does not require the government to protect the life,

liberty, and property of its citizens from harm perpetrated by private actors, absent some special relationship between the individual and the state actor giving rise to a duty of protection. *Crabtree*, 2006 WL 897210 at *2; *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989); *Bukowski v. City of Akron*, 326 F. 3d 702, 708-09 (6th Cir. 2003).

Significantly, Stechow has not sued the deputy he alleges was present at the time his property was allegedly seized by Defendants. A writ of replevin issued pursuant to a state court judgment does not transform the private litigants into state actors. The Supreme Court of the United States has held that a case brought under the federal question statute could be dismissed for lack of subject matter jurisdiction if so attenuated, frivolous, or insubstantial as to be devoid of merit. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666 (1974); *accord Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 70-71 (1978).

Since Stechow has no constitutional right to be free from the conduct of private citizens, utilizing methods of civil process, in the context of a long-standing business dispute, his Third Claim for Relief under 42 U.S.C. § 1983 is so implausible as to be devoid of merit.

**Unfair Competition**

The First Claim for Relief is captioned: Unfair Competition. The substance of the claim is found in Paragraph 59, which reads: "Marx, Thomas and Absten acted together to deprive Stechow of his personal assets necessary to his business as a medical laser technician. They did this by plotting to seize his assets without going through the legal process." Such allegations sound more in the nature of conversion. There is no reference to any federal

statute. Stechow makes no mention of trade infringement, securities violations, or anti-trust activities. This allegation, designated as unfair competition, is an implausible, attenuated, insubstantial claim for federal relief. Like the Third Claim, this count in Stechow's Complaint lacks any support for federal question jurisdiction

### III. CONCLUSION

Therefore, under either assertion of the jurisdictional basis for this Complaint, diversity or federal question, Plaintiff Keith R. Stechow has failed to invoke the subject matter jurisdiction of the District Court. Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3), the captioned matter is dismissed *sua sponte*.

IT IS SO ORDERED.

DATE: July 24, 2007

                                    s/Christopher A. Boyko
                                    CHRISTOPHER A. BOYKO
                                    United States District Judge